## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 09 2020, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel I. Hageman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Nathan Wilson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 9, 2020

Court of Appeals Case No.
19A-CR-2156

Appeal from the Hamilton
Superior Court

The Honorable William J. Hughes,
Judge

Trial Court Cause No.
29D03-1905-F6-4117

**Bailey, Judge.**

# Case Summary

[1] Jeremy Nathan Wilson ("Wilson") was convicted of Domestic Battery Resulting in Moderate Bodily Injury, as a Level 6 felony,[1] and adjudicated a habitual offender.[2] Wilson appeals, arguing that the failure to give a specific type of jury instruction on unanimity amounted to fundamental error.

[2] We affirm.

# Facts and Procedural History

[3] On May 29, 2019, Wilson and his brother showed up at an apartment rented to Danielle Fenters ("Fenters"), whom Wilson had dated. While Wilson's brother waited in a car outside, Wilson—who had been drinking alcohol—entered the apartment. Wilson yelled at Fenters and became violent. After throwing an object at a television, Wilson cornered Fenters and began hitting her. Wilson bit Fenters on the back. He dragged Fenters by her hair. At one point, Wilson asked Fenters to retrieve a knife. Fenters complied. Wilson then tried to stab Fenters. He slashed open cushioning on a couch and a recliner. Eventually, Wilson held onto Fenters near the open apartment door. Fenters threw her weight against Wilson, causing them to tumble down a flight of stairs. Fenters ran outside and asked Wilson's brother for a ride. Fenters then called someone

---

[1] Ind. Code § 35-42-2-1.3(a)(1), (b)(3).

[2] I.C. § 35-50-2-8.

from work, who picked up Fenters and brought her to the hospital. Fenters received three stitches on her chin. Her forehead was swollen and she had several abrasions, a bite mark on her back, and a bent fingernail. The police were contacted, and Wilson was found inside the apartment with a fresh scrape.

The State filed a multicount information against Wilson and alleged that Wilson is a habitual offender. A jury trial was held in July 2019. An initial guilt phase concerned two counts: (1) Domestic Battery Resulting in Moderate Bodily Injury, as a Level 6 felony; and (2) the lesser-included offense of Domestic Battery, as a Class A misdemeanor.[3] The court instructed the jury—without objection from Wilson—and the jury found Wilson guilty of both offenses. Upon the State's request, the trial court dismissed the only remaining count. The court then held a jury trial on the enhancement, with the jury determining that Wilson is a habitual offender. The trial court later merged the misdemeanor count with the felony count. It ultimately sentenced Wilson to two and one-half years for the felony with a separate six-year enhancement.

Wilson now appeals.

# Discussion and Decision

Wilson argues that the jury was not adequately instructed on jury unanimity. Because Wilson did not raise this issue in an objection, he has waived the

---

[3] I.C. § 35-42-2-1.3(a)(1).

argument and we review only for fundamental error. *See Batchelor v. State*, 119 N.E.3d 550, 559 (Ind. 2019). Under this standard, we afford relief only if the error "'made a fair trial impossible' or if it clearly and blatantly violated basic principles of due process resulting in 'undeniable and substantial potential for harm.'" *Id.* (quoting *Durden v. State*, 99 N.E.3d 645, 652 (Ind. 2018)).

[7] In Indiana, a verdict in a criminal case must be unanimous. *Fisher v. State*, 291 N.E.2d 76, 82 (1973). Although there must be jury unanimity "as to the defendant's guilt," jury unanimity "is not required as to the theory of the defendant's culpability." *Taylor v. State*, 840 N.E.2d 324, 333 (Ind. 2006). Moreover, certain cases present problems with jury unanimity. *See Baker v. State*, 948 N.E.2d 1169, 1178 (Ind. 2011). For example, in *Baker*, the defendant was charged with a single count of child molestation with respect to each victim, but the jury heard evidence of multiple distinct acts of molestation concerning each victim. *Id.* at 1177. In resolving *Baker*, the Indiana Supreme Court recognized that where "evidence is presented of a greater number of separate criminal offenses than the defendant is charged with," a basic unanimity instruction is insufficient. *Id.* at 1175. "This is because, absent a more particular instruction, the jury could unanimously agree that the defendant was guilty, yet, in doing so, rely on different acts in evidence." *Benson v. State*, 73 N.E.3d 198, 202 (Ind. Ct. App. 2017), *trans. denied*. Put differently, "the State could point to multiple, separate criminal acts and the jury could convict, despite it being divided about which acts occurred." *Id.* To remedy this issue, the *Baker* Court held that

[t]he State may in its discretion designate a specific act (or acts) on which it relies to prove a particular charge. However if the State decides not to so designate, then the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim and included within the time period charged.

*Baker*, 948 N.E.2d at 1177.

[8] Here, the court gave a general unanimity instruction—not the specific instruction identified in *Baker*. Wilson argues that the specific instruction was required. In so arguing, he directs us to a jury instruction on the elements of Domestic Battery Resulting in Moderate Bodily Injury:

Before you may convict the Defendant, the State must have proved the following elements beyond a reasonable doubt:

1. The Defendant

2. touched Danielle Tomi Fenters

3. a family or household member

4. in a rude, angry or insolent manner

5. by striking or punching or scratching or biting

6. resulting in moderate bodily injury to Danielle Tomi Fenters.

App. Vol. 2 at 87. Wilson also points out that a preliminary jury instruction referred to allegations of moderate bodily injury through "laceration requiring stitches or scratches or bleeding or swelling or redness." *Id.* at 62.

[9] Wilson focuses on disjunctive language in the instructions, arguing that the jury could have found him guilty "while remaining divided as to whether he punched or struck or scratched or bit Fenters." Br. of Appellant at 12. He also asserts that the jury could have found him guilty "while being divided as to which of the disjunctively listed injuries Fenters sustained or whether those injuries rose to the level of moderate bodily injury." *Id.* Wilson contends that "some jurors could have agreed that Wilson scratched Fenters resulting in redness while others disputed that redness rose to the level of moderate bodily injury and instead relied on other acts resulting and [*sic*] other injuries to convict Wilson." *Id.* at 12-13. Wilson makes similar arguments about disjunctive language in instructions concerning the lesser-included offense of Domestic Battery. Wilson ultimately asserts that the trial court failed to give "an adequately detailed" instruction on jury unanimity. *Id.* at 12.

[10] "[T]he State is permitted to 'present[] the jury with alternative ways to find the defendant guilty as to one element.'" *Baker*, 948 N.E.2d at 1175 (alteration in original) (emphasis removed) (quoting *Cliver v. State*, 666 N.E.2d 59, 67 (Ind. 1996)). When the State does so, the concerns identified in *Baker* are not present because jury unanimity is not required as to the theory of the defendant's culpability. *See id.* We therefore disagree that a *Baker* type of instruction was required. In any case, even if we assume that the unanimity instruction was

deficient, this type of error is harmless where—as here—the case (1) turned largely on whether the jury found the victim to be credible and (2) the jury resolved the basic credibility dispute against the defendant. *See id.* at 1179; *see also Carter v. State*, 31 N.E.3d 17, 28 (Ind. Ct. App. 2015), *trans. denied*. Thus, even assuming error, Wilson has not demonstrated fundamental error.

Affirmed.

Crone, J., and Altice, J., concur.